UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE WOODRUFF, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ATLAS VAN LINES, INC., et al., <br><br> Defendants. | Case No. 22-cv-04194-JSC <br><br> **ORDER REGARDING MOTION TO DISMISS** <br><br> Re: Dkt. No. 4 |

This matter comes before the Court upon Defendants' motion to dismiss Counts 1, 2, and 4. (Dkt. No. 4.) Plaintiffs filed a non-opposition statement to Defendants' motion. (Dkt. No. 14.) Pursuant to Civil Local Rule 7–1(b), this matter is appropriate for resolution without oral argument. For the reasons explained below, the Court GRANTS Defendants' motion to dismiss Counts 1, 2, and 4.

**COMPLAINT ALLEGATIONS**

Plaintiff Matt Childers accepted an offer to work for Meta, Inc., FNA Facebook, Inc. in Redmond Washington. (Dkt. No. 1-1 at 6.) At the time, Childers and plaintiff Katie Woodruff resided in Tiburon, California. (*Id.*) Meta provided a paid relocation package for Plaintiffs. (*Id.*) Defendants packed and loaded Plaintiffs' household goods in California and agreed to deliver the possessions to Washington State. (*Id.* at 7.) However, the truck carrying Plaintiffs' possessions caught fire enroute to Washington and all items onboard were deemed a total loss. (*Id.*) Plaintiffs claim a total replacement value of $302,577.11 for the lost items. (*Id.*)

Plaintiffs filed a complaint in Marin County Superior Court. Plaintiffs allege four claims (1) Breach of Contract; (2) Negligence; (3) Strict Liability under 49 U.S.C.S. § 14706; and (4) Breach of Good Faith and Fair Dealing. Defendants removed the case to this Court and moved to dismiss Counts 1, 2, and 4.

**DISCUSSION**

Defendants argue that the Carmack Amendment, 49 U.S.C. § 14706, provides the sole remedy for Plaintiffs' claims. Plaintiffs do not oppose.

Defendants are correct. The Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver, or damage to property. *Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 688 (9th Cir. 2007). This preemption extends to the negligence claim as well. *Id.* at 689. "It is well settled that the Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms." *Id.* Thus, the Court grants Defendants' motion to dismiss Counts 1, 2, and 4.

**CONCLUSION**

For the reasons explained above, the Court GRANTS Defendants' unopposed motion to dismiss Counts 1, 2, and 4. The hearing scheduled for August 31, 2022, is vacated.

**IT IS SO ORDERED.**

This Order disposes of Dkt. No. 4.

Dated: August 26, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge